# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARION ROBERT SMITH,  )
            Movant,  )
              )
v.  )    Case No. CV416-150
              )            CR407-288
UNITED STATES OF AMERICA,  )
            Respondent.  )

## REPORT AND RECOMMENDATION

Six years ago this Court denied Marion Smith's first 28 U.S.C. § 2255 motion. *See* doc. 55.[1] Now he's back, after receiving approval from the Eleventh Circuit,[2] with a second such motion, doc. 71, this time trying to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), that triggered a wave of successive § 2255 filings after the Supreme Court recently announced that it applied retroactively on collateral review. *See, e.g., In re Fleur*, ___ F.3d ___, 2016 WL 3190539 (11th Cir. June 8, 2016), *In re Hines*, ___ F.3d ___,

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] *In re Smith*, No. 16-12292 (11th Cir. June 3, 2016).

2016 WL 3189822 (11th Cir. June 8, 2016), and *In re Pinder*, ___ F.3d ___, 2016 WL 3081954 at * 1 (11th Cir. June 1, 2016).

Smith makes two *Johnson*-based arguments: that (1) his Hobbs Act robbery conviction[3] does not qualify as a "crime of violence" predicate for 18 U.S.C. § 924(c) purposes; and (2) that conviction also does not qualify as a "crime of violence" predicate that triggers mandatory restitution under 18 U.S.C. § 3663A (which incorporates the "crime of violence" definition in 18 U.S.C. 16). He necessarily premises the timeliness of his § 2255 motion on the idea that *Johnson* establishes a "retroactive right" applicable to his case.[4] *See* 28 U.S.C. § 2255(f)(3).

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18

---

[3] Smith pled guilty in 2008 to Hobbs Act robbery and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *See* docs. 35, 40. He never appealed, but did file an untimely 28 U.S.C. § 2255 motion, which this Court and the Eleventh Circuit rejected. Docs. 63, 67. The present motion, filed June 3, 2016, is his numerically second (but not legally successive) motion. Doc. 71.

[4] Smith, who never appealed, filed the present motion over eight years after his conviction became final on April 10, 2008. *See* doc. 42 (judgment entered March 27, 2008); Fed. R. App. P. 4(b)(1)(A)(i) (notices of appeal in criminal cases must be filed within 14 days of entry of judgment); doc. 71 at 12 (signature-filed June 12, 2016). Under § 2255(f)(1) -- which starts the one-year habeas clock from the date a conviction becomes final -- his motion therefore is untimely. Sections 2255(f)(2 and (f)(4) simply do not apply in this case.

2

U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. It said nothing about ACCA enhancements predicated on convictions for "violent felonies" classed as such under ACCA provisions other than the residual clause. *See, e.g., id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of a "serious drug offense"). Enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

Under § 924(c), "any person who, during and in relation to any crime of violence," brandishes a firearm, receives a mandatory minimum seven year sentence consecutive to any term resulting from that crime of violence. Among other things, and very much like ACCA's definition, §

3

924(c)(3)(B) defines "crime of violence" as conduct "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in . . . committing the offense" (the 924(c) "residual clause"). Also like ACCA, § 924(c)(3)(A) defines the term to include any felony that "has as an element the use, attempted use, or threated use of physical force against the person or property of another" (the 924(c) "elements clause"). A general provision incorporated into many federal statutes, 18 U.S.C. § 16(a) and (b) define "crime of violence" using identical language to that in § 924(c)(3).[5] Consequently, if (1) *Johnson*'s logic applies to § 924(c)'s and § 16's residual clauses, and (2) Smith's Hobbs Act robbery qualifies as a "crime of violence" solely under those provisions, he is entitled to relief.

Even assuming *Johnson* applies,[6] Smith's 924(c) claim fails because his Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the [elements] clause in § 924(c)(3)(A)." *Saint Fleur*, 2016 WL 3190539 at * 3. Since § 16(a) contains identical language to that provision, his

---

[5] Under § 16(a) "crime of violence means . . . an offense that has as an element the use, attempted us, or threatened use of physical force against the person or property of another," while § 16(b) mirrors § 924(c)'s "residual clause."

[6] "[I]t is an open question whether *Johnson* applies to the residual clause set out in 18 U.S.C. § 924(c)(3)(B)." *In re Sams*, ___ F.3d ___, 2016 WL 3997213 at * 3 (11th Cir. July 26, 2016).

4

restitution argument also perishes. It follows that Smith cannot look to § 2255(f)(3) (the date the Supreme Court made retroactive a newly recognized right) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (April 10, 2008). It ran out on April 10, 2009 (he never appealed), so his motion is untimely.

Accordingly, Marion Smith's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this  22nd   day of August, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA